United States District Court
District of Connecticut
FILED AT NEW HAVEN
April 19, 2005
Kevin F. Rowe, Clerk
By Octavia C. Mena
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRIEVANCE COMMITTEE OF THE | : | |
| UNITED STATES DISTRICT COURT FOR THE | : | No. 3:05GP5 (PCD) |
| DISTRICT OF CONNECTICUT | : | No. 3:02GP10 (PCD) |
| | : | No. 3:02GP19 (PCD) |
| VS. | : | |
| WILLIAM L. ANKERMAN | : | APRIL 5, 2005 |

### MOTION FOR CONTINUANCE

The undersigned Respondent, William L. Ankerman, represents as follows:

1. Respondent was convicted on April 12, 2002, for violation of General Statutes Secs. 53a-122 and -119(2).

2. On June 7, 2002, Respondent was sentenced to the custody of the Commissioner of Correction for a term of three years, execution suspended after six months, but remained at liberty on an appeal bond until November 17, 2004, when he entered into custody.

3. Respondent remains in custody, but is eligible for release on or after April 25, 2005.

4. Respondent has received notice **indirectly**, at his home address, in West Hartford, that a Show Cause Hearing has been set in a presentment against him on the basis of the aforesaid conviction, etc., for April 25, 2005, at 10:00 am, New Haven District Court.

5. Respondent has not received notice of any actual date of release on this sentence, so, absent the issuance of a writ of habeas corpus, he may be unable to attend this hearing.

6. Respondent is appearing pro se in this presentment.

7. Respondent's files and law books are unavailable to Respondent, while incarcerated, for use in preparing for this hearing.

Respondent William L. Ankerman, further represents:

1. Mere conviction of a "serious crime," even a Connecticut felony, is no basis, ipso facto, for disciplinary action under the Local Rules of the Federal District Court of Connecticut.

2. The subject conviction in the state court, even though unsuccessfully appealed, was so fraught with constitutional defects that it amounts to a miscarriage of justice and a civil rights deprivation. State v. Ankerman, 81 Conn. App. 503, _____ A.2d _____, 270 Conn. 901, _____ A.2d _____, cert. den., _____ U. S. _____ (October 18, 2004).

3. The constitutional defects include, but are not limited to:
   a. Ineffective assistance of counsel and
   b. Discovery of new evidence.

WHEREFORE, Respondent moves that the Show Cause Hearing now set for April 25, 2005, 10:00 am, be continued to May 23, 2005, or to such later date as the Court sees fit.

RESPONDENT ALSO MOVES that the date for filing of an original answer and one copy be likewise extended by the same period of time for the same reasons as for the hearing itself.

William L. Ankerman
37 Montclair Drivew
West Hartford, CT 06107
(860) 233-6703

CERTIFICATION OF SERVICE

Service is hereby certified by mailing a copy hereof, by U. S. Mail, postage prepaid, to:
Hugh F. Murray, III
Murtha Cullina, LLP
Cityplace I - 185 Asylum Street
Hartford, CT 06103-3469,

on April 8, 2005.

William L. Ankerman